**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN L. GREEN,<br>Plaintiff,<br>v.<br>STATE OF NEW JERSEY, *et al.*,<br>Defendants. | Civil Action No. 26-10498 (JXN)<br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Brian L. Green's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). The Court **grants** Plaintiff leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are **dismissed** for failure to state a claim on which relief may be granted.

## I. **BACKGROUND**[1]

Plaintiff is a pretrial detainee housed at the Atlantic County Justice Facility. (Compl. at 2–3, ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against (1) the State of New Jersey ("State"); (2) the Atlantic County Sheriff's Department ("Sheriff's Department"); (3) Atlantic County Superior Court Judge Dorothy Garrabrant ("Judge"), and (4) Atlantic County Prosecutor William E. Reynolds ("Prosecutor") (collectively, "Defendants"). (*See generally id.*) Considering Plaintiff's *pro se* status, the Court construes the claims against the Judge and Prosecutor as brought against them in their official and individual capacities.

According to the Complaint, the Judge, as a member of the Superior Court, allowed the Sheriff's Department to enforce a policy preventing the Atlantic County Prosecutor's Office from providing a defendant with discovery at their arraignment. (*Id.* at 5–6.) Plaintiff claims the Prosecutor failed to provide Plaintiff with post-indictment discovery based on this policy. (*Id.* at 4.) Plaintiff claims the policy is based on the "argument that the prosecutor/attorney is 'passing drugs' through the discovery by 'painting' the discovery with drugs." (*Id.* at 6.) Plaintiff argues that post-indictment discovery must be afforded to every defendant and post-indictment arraignment cannot take place without such discovery. (*Id.* at 5.) Plaintiff submits that withholding of the discovery is a violation of due process. (*Id.* at 6.)

Plaintiff seeks monetary compensation and unspecified injunctive relief.

## II. **LEGAL STANDARD**

District courts must review complaints in civil actions in which a plaintiff is proceeding IFP, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). The Court may *sua sponte* dismiss any claim that is frivolous, is

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

malicious, fails to state a claim upon relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). The Court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, while the Court liberally construes *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. <u>DISCUSSION</u>

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants violated his due process rights to post-indictment discovery. (*See generally* Compl.) § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) a person acting under color of state law (2) violated the plaintiff's Constitutional or legal rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The plaintiff must also show each defendant's "personal involvement" in the alleged violation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Plaintiff Fails to State a § 1983 Claim

#### *i. The Eleventh Amendment Bars Plaintiff's Official Capacity Claims*

The Eleventh Amendment deprives federal courts of jurisdiction over any action brought "against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is well-established that the Eleventh Amendment prevents courts from hearing "suits against a State by its own citizens." *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016); *see also Hans v. Louisiana*, 134 U.S. 1, 10–21 (1890). Accordingly, unless Congress abrogates a state's Eleventh Amendment immunity, or the State waives its own immunity, a federal court cannot hear claims brought against a state by an individual. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) ("A sovereign's immunity may be waived, and the Court consistently has held that

a State may consent to suit against it in federal court."); *In re Sacred Heart Hosp. of Norristown*, 133 F.3d 237, 242 (3d Cir. 1998) ("Congress can abrogate a state's Eleventh Amendment immunity . . . ."). The Eleventh Amendment's protections extend to "states and their agencies and departments" and applies "regardless of the kind of relief sought." *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst*, 465 U.S. at 100). And the Eleventh Amendment encompasses individual state employees sued in their official capacity "because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (citation omitted).

Official-capacity claims against state court judges are equivalent to claims against the state. *See Clauso v. Solomon*, No. 14-5280, 2017 WL 1528712, at * 6 (D.N.J. Apr. 27, 2017) (finding Eleventh Amendment barred § 1983 official-capacity claims against state court judges). Additionally, the Third Circuit has held that an official-capacity suit against a county prosecutor performing law enforcement and prosecutorial functions amounts to a suit against the state. *See Hyatt v. County of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009). Likewise, a county "and its Sheriff's Department are agents of the state of New Jersey for Eleventh Amendment purposes and therefore not amenable to suit in federal court." *Johnson v. Duncan*, 719 F. App'x 144, 148 (3d Cir. 2017).

New Jersey has not waived its Eleventh Amendment immunity for § 1983 or state law claims in federal court. *See Ohan v. Essex Cnty. Sheriff's Off.*, No. 09-1977, 2010 WL 11693192, at *2 (D.N.J. Feb. 17, 2010) ("New Jersey has never waived its sovereign immunity in federal courts.") Accordingly, Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment.

***ii. Defendants are not "Persons" Within § 1983***

Moreover, Defendants are not "persons" subject to liability under § 1983. The plain text of § 1983 extends liability only to "persons." *See* 42 U.S.C. § 1983. But neither the State, nor any "arm of the State," is a "person" within § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) ("[A] State is not a 'person' within the meaning of § 1983 . . . ."); *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983." (citation omitted)); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697–98, 698 n.6 (D.N.J. 2014) (finding that the State of New Jersey, the DOC, and named DOC officers in their official capacity are not "persons" subject to suit under § 1983); *see Richardson v. New Jersey*, No. 16-135, 2019 WL 6130870, at * 4 (D.N.J. Nov. 18, 2019) (finding prosecutor's office and its employees sued in their official capacities were acting as an arm of the State and are not "persons" amendable to suit). Therefore, even if they were not immune under the Eleventh Amendment, Defendants would not be subject to liability under § 1983. Additionally, the Sheriff's Department does not qualify as a "person" subject to suit under § 1983. *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (finding county department does not have an identity distinct from the county itself).

Accordingly, all claims against the Defendants in their official capacity are **DISMISSED *with prejudice***.

***iii. The Judge is Immune from Suit in her Individual Capacity***

Plaintiff raises claims against the Judge in her individual capacity for allegedly enforcing the policy that prevents the Atlantic County Prosecutor's Office from providing a defendant with discovery at their arraignment. (*See* Compl. at 5–6.)

Judges have absolute immunity from suit for any actions taken in a judicial capacity, including bad faith, malicious, or corrupt conduct. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity does not, however, extend to (1) non-judicial actions or (2) judicial actions taken "in the complete absence of all jurisdiction." *Id.* at 12.

Here, all the complained-of acts were judicial. Whether an action is judicial relates to "nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The only allegations Plaintiff makes against the Judge arise from judicial determinations about discovery in Plaintiff's underlying state court criminal proceedings. (*See* Compl. at 4–6.) Issuing discovery-related orders is a textbook judicial function.

The Judge, moreover, did not act in a complete absence of jurisdiction. A judge does not act in a complete absence of jurisdiction if the court "has *some* subject matter jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (emphasis added) (quoting *Barnes v. Winchell,* 105 F.3d 1111, 1122 (6th Cir. 1997)). The difference between having *no* jurisdiction and *some* jurisdiction is critical. For instance, if a judge "invested only with authority over wills and the settlement of estates of deceased persons" held a criminal trial, judicial immunity would not attach to the judge's conduct at the criminal trial. *Bradley v. Fisher*, 80 U.S. 335, 352 (1871). But if a judge "invested with general criminal jurisdiction over offences committed within a certain district" held a trial for a made-up crime, judicial immunity would attach. *Id.*

Under the New Jersey Constitution, the Superior Court has "original general jurisdiction throughout the State in all causes." N.J. Const. art. VI, § 3, ¶ 2. And the Superior Court has "exclusive jurisdiction . . . over indictable offenses" and "lesser included non-indictable offenses." Pressler & Verniero, *Current N.J. Court Rules*, cmt. on N.J. Ct. R. 3:1-5 (2026). Therefore, the

Judge, who sits in the Superior Court, had at least *some* jurisdiction to deny Plaintiff post-indictment discovery. Therefore, to the extent the Complaint seeks to hold the Judge liable for denying Plaintiff discovery in his criminal proceedings, his claim is **dismissed *with prejudice***.

### *iv. The Prosecutor is Immune from Suit in his Individual Capacity*

Plaintiff brings § 1983 claims against the Prosecutor in his individual capacity for failing to provide Plaintiff with post-indictment discovery based on the above discussed policy regarding discovery. (Compl. at 4, 6.)

Prosecutors are "absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function." *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024). Quasi-judicial conduct is "'intimately associated with the judicial phase of the criminal process' or an analogous judicial proceeding." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes claims related to a prosecutor's "conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (cleaned up) (citations omitted). Correspondingly, the Third Circuit has held prosecutors are entitled to absolute immunity under § 1983 for activities related to discovery, including withholding of exculpatory evidence. *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006) (finding prosecutors entitled to absolute immunity on claim that they withheld exculpatory evidence prior to trial).

Courts employ a two-step test to determine if absolute prosecutorial immunity applies. First, courts "ascertain just what conduct forms the basis for the plaintiff's cause of action." *Roberts*, 90 F.4th at 625 (citation omitted). Second, courts "determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.*

(citation omitted). A prosecutor is immune if "the conduct triggering absolute immunity clearly appears on the face of the complaint." *Id.* (citation omitted).

Here, the conduct triggering prosecutorial immunity appears on the face of the Complaint. Plaintiff's claims against the Prosecutor pertain to his handling of discovery. Because discovery related conduct falls within the ambit of absolute prosecutorial immunity, Plaintiff's claims against the Prosecutor in his individual capacity are **DISMISSED *with prejudice***.

### B. Injunctive Relief

Plaintiff submits that he is requesting injunctive relief. (Compl. at 6.) Plaintiff fails to indicate what injunctive relief is sought.

#### ***i. The Judge***

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (quoting 42 U.S.C. § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197–98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate."). In the context of judicial defendants, the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be

sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

The Judge appears to have presided over Plaintiff's arraignment and prevented the prosecutors from giving Plaintiff discovery, a function normally performed by a judge. The Judge is not alleged to have acted in a non-judicial capacity or in the absence of jurisdiction. Additionally, there is no allegation that a declaratory decree was violated in the course of the proceedings described. In these circumstances, the Judge is entitled to immunity, and Plaintiff's injunctive relief claims against him will be **dismissed *with prejudice***.

***ii. The Prosecutor***

Prosecutors are not immune from claims for declaratory or injunctive relief. *See Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009) (citing *Sup. Ct. of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980); *Jorden v. Nat'l Guard Bureau*, 799 F.2d 99, 110 (3d Cir. 1986)). However, *Younger* abstention principles dictate dismissal of Plaintiff's claims for injunctive relief. *See generally Younger v. Harris*, 401 U.S. 37 (1971). As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendal v Russell*, 572 F.3d 126, 130 n.3 (3d Cir. 2009) (citing *Younger*, 401 U.S. at 41). "Abstention under *Younger* is appropriate only where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 326 (3d Cir. 2004). Courts have frequently abstained from hearing claims that necessarily interfere with ongoing state criminal cases. *See id.*; *Zahl v. Harper*, 282 F.3d 204, 208–11 (3d Cir. 2002).

All three requirements are met here. First, Plaintiff alleges he is seeking discovery in his ongoing criminal prosecution in state court. Second, the State has important interest in enforcing its criminal laws. Third, the state court criminal proceedings would give Plaintiff an adequate opportunity to raise his claims regarding access to discovery. Finally, there is no indication "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (quoting *Anthony*, 316 F.3d at 418). Accordingly, the Court will abstain from considering the merits of Plaintiff's claim for injunctive relief under *Younger* and will dismiss the claim without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 1-1) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. Plaintiff's claims against the State of New Jersey, Sheriff's Office, the Judge in her official and individual capacities for all relief, and the Prosecutor in his official and individual capacities for monetary relief are **dismissed *with prejudice***. Plaintiff's claims against the Prosecutor for injunctive relief are **dismissed *without prejudice***.

Dated: 11/25/2026

**JULIEN XAVIER NEALS**
United States District Judge